**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

JOHN LAWLESS,

             Plaintiff,

     v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS, TONY CANGLIN,
RUTGERS UNIVERSITY-UNIVERSITY
CORRECTIONAL HEALTH CARE,
JOHN DOES 1-20,

             Defendants.

No. 1:21-cv-14670-NLH-SAK

**OPINION**

---

**APPEARANCES**:

MICHAEL POREDA, ESQ.
WRONKO LOEWEN BENUCCI
69 GROVE STREET
SOMERVILLE, NJ 08876

    *On behalf of Plaintiff*

MARGARET RAYMOND-FLOOD, ESQ.
NICHOLAS F. PELLITTA, ESQ.
NORRIS McLAUGHLIN, P.A.
400 CROSSING BOULEVARD, 8TH FLOOR
BRIDGEWATER, NJ 08807

    *On behalf of Defendant University Correctional Health Care,*
    *a constituent unit of Rutgers, The State University of New*
    *Jersey*

ANDREW J. BRUCK, ESQ.
MICHELE SOLARI, ESQ.
NEW JERSEY OFFICE OF ATTORNEY GENERAL
R.J. HUGHES JUSTICE COMPLEX
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

*On behalf of Defendants New Jersey Department of*
*Corrections*

**HILLMAN**, **District Judge**

This matter comes before the Court by way of John Lawless'
("Plaintiff") motion to amend and remand to state court filed on
March 28, 2022.  (ECF No. 16).  This case was removed from state
court on August 6, 2021, by the New Jersey Department of
Corrections on the basis of federal question jurisdiction as the
complaint asserted a federal statutory claim.  For the reasons
below, Plaintiff's motion to amend and remand will be granted in
part and denied in part.

**BACKGROUND**

Plaintiff is currently incarcerated at the South Woods
State Prison.  (ECF No. 16 at 1).  As he had a prior career as
an HVAC and appliance mechanic he was assigned to work as a
mechanic in the prison shoe shop.  (Id.).  On December 6, 2019,
Plaintiff was allegedly ordered to repair an antiquated
vulcanizer, a machine that uses high heat to adhere rubber soles
to the body of a shoe.  (Id. at 1-2).  During the repair the
machine closed onto Plaintiff's hand and caused injuries to
three fingers.  (Id. at 2).  Plaintiff alleges that he was taken
to the Emergency Room, received x-rays, and was sent back to
prison where he received inadequate treatment while he waited
ten days for surgery.  (Id.).

On December 16, 2019, Plaintiff received surgery and was
returned to the infirmary for recovery, where allegedly his
bandages were not changed. (Id.) Plaintiff further alleges
that the staff at the Prison failed to provide adequate pain and
swelling treatment and to timely remove his stitches which
delayed physical therapy, causing Plaintiff to lose his grip
strength, feeling, and circulation due to nerve and tissue
damage. (Id. at 3). Plaintiff alleges that due to the nature
of these injuries, he will not be able to return to his prior
profession as an HVAC mechanic after his release from prison.
(Id.).

Plaintiff asserts that he filed a Notice of Tort Claim
within 90 days of the incident, and that he has exhausted all
administrative remedies. (Id. at 4). Plaintiff originally
filed a complaint in state court on May 17, 2021, and, as noted,
Defendant New Jersey Department of Corrections removed the
matter to this Court on August 6, 2021. (ECF No. 1).

**DISCUSSION**

i. **Jurisdiction**

This matter was removed from state court pursuant to 28
U.S.C. § 1441. Plaintiff's original complaint asserted civil
rights claims against Tony Canglin, New Jersey Department of
Corrections, and University Correctional Health Care, a
constituent unit of Rutgers, The State University of New Jersey,

3

(collectively "Defendants") pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), as well as various tort claims.  This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

## ii.  Standard for Motion for Leave to Amend Complaint

Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  An amended complaint supersedes the original complaint in providing the blueprint for the future course of a lawsuit.  See Snyder v. Pascack Valley Hospital,303 F.3d 271, 276 (3d Cir. 2002).  An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, there is no indication that this amendment is being pursued for the purposes of undue delay, bad faith, dilatory motive, or unfair prejudice.  Rather than a futility, it appears that Plaintiff seeks to amend his complaint by removing all federal claims in an attempt to justify a remand of this matter to state court.  No opposition to the motion has been filed.

The Court will grant the motion to amend.

**iii. Remand to State Court**

According to the certification filed in support of the motion to amend and remand, by amending the complaint to remove the federal claim under Section 1983, this Court no longer has subject matter jurisdiction requiring remand of Plaintiff's state law claims to state court.  Plaintiff is incorrect as a matter of law.[1]  The assessment of whether federal jurisdiction has been established for a given complaint occurs at the time of removal not after.  See Pettit v. New Jersey, No. 09-3735, 2010 WL 1006407, at *1 (D.N.J. Mar. 17, 2010); Westmorland Hospital Assn. v. Blue Cross of Western Pa., 605 F.2d 119, 123 (3d Cir. 1979) ("Generally speaking, the nature of plaintiffs' claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed.").  At the time of removal in this case, the Court had subject matter jurisdiction through 28 U.S.C. § 1331 as the original complaint asserted a claim under Section 1983.  The Court also gained supplemental jurisdiction over Plaintiffs'

---

[1] While not cited by Plaintiff, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  However, subject matter jurisdiction here was not lacking at the time of removal, which is the touchstone in cases of removal based on federal question jurisdiction.  See Pettit v. New Jersey, No. 09-3735, 2010 WL 1006407, at *1 (D.N.J. Mar. 17, 2010).

related state law tort claims under 28 U.S.C. § 1367(a).  Stated simply, Plaintiff is not automatically entitled to the remand of this case simply because the amended complaint no longer includes the federal claim asserted in the original complaint. See Carlsbad Technologies, Inc. v. HIF Bio, Inc., 129 S.Ct. 1862, 1866-67 (2009).

The parties, however, are not prisoners of the federal court.  Two options remain.  Title 28, United States Code, 1367(c) provides, in relevant part, that "[t]he district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  Id.  The Court's denial of the motion to remand will be without prejudice.  If Plaintiff continues to wish to return to state court, Plaintiff may renew a motion to remand pursuant to Title 28, United States Code, 1367(c) and file an appropriate memorandum of law for the Court's consideration arguing why under the present procedural posture of the case the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

In the alternative, the parties may file a joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) which is self-executing and does not require the Court's imprimatur and the Plaintiff may refile his complaint thereafter in state court.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to amend/correct complaint will be granted and the Clerk of the Court will be directed to file the proposed amended complaint which will now be the operative pleading in this matter. Insofar as the motion requests remand to state court, the motion will be denied without prejudice. If Plaintiff wishes to proceed to seek remand of this action to state court, Plaintiff must file a renewed motion to remand and an appropriate memorandum of law for the Court's consideration as to why the Court should not continue to exercise supplemental jurisdiction.

An appropriate Order consistent with this Opinion will be entered.

Date: June 3, 2022                       s/ Noel L. Hillman
At Camden, New Jersey             NOEL.L. HILLMAN, U.S.D.J.