UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN LAWLESS,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, TONY CANGLIN, RUTGERS UNIVERSITY-UNIVERSITY CORRECTIONAL HEALTH CARE, JOHN DOES 1-20,<br><br>    Defendants. | No. 1:21-cv-14670-NLH-SAK<br><br>OPINION |

**APPEARANCES**:

MICHAEL POREDA, ESQ.
WRONKO LOEWEN BENUCCI
69 GROVE STREET
SOMERVILLE, NJ 08876

    *On behalf of Plaintiff*

MARGARET RAYMOND-FLOOD, ESQ.
NICHOLAS F. PELLITTA, ESQ.
NORRIS McLAUGHLIN, P.A.
400 CROSSING BOULEVARD, 8TH FLOOR
BRIDGEWATER, NJ 08807

    *On behalf of Defendant University Correctional Health Care,*
    *a constituent unit of Rutgers, The State University of New*
    *Jersey*

ANDREW J. BRUCK, ESQ.
MICHELE SOLARI, ESQ.
NEW JERSEY OFFICE OF ATTORNEY GENERAL
R.J. HUGHES JUSTICE COMPLEX
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

*On behalf of Defendants New Jersey Department of Corrections*

**HILLMAN**, **District Judge**

This matter comes before the Court by way of John Lawless' ("Plaintiff") Motion to Remand to state court filed on June 6, 2022. (ECF No. 21). Plaintiff's Motion to Amend and Remand filed on March 28, 2022 (ECF No. 16) was granted in part and denied in part: granted to the extent that the complaint was amended to remove Plaintiff's federal statutory claim and denied to the extent that Plaintiff requested remand. (ECF No. 19). The Court requested that Plaintiff provide additional briefing to address why the Court should not extend its supplemental jurisdiction over the remaining state law claims. (Id. at 5-6). For the reasons below, Plaintiff's Motion to Remand will be granted.

The Court previously provided a detailed outline of the factual and procedural background of this case in its June 3, 2022 Opinion, (ECF No. 19), and assumes the parties' familiarity with the relevant history. Accordingly, it will only restate that background as necessary for the purposes of ruling on the presently pending motion.

## DISCUSSION

### i. Jurisdiction

This matter was removed from state court pursuant to 28 U.S.C. § 1441. Plaintiff's original complaint asserted civil rights claims against Tony Canglin, New Jersey Department of Corrections, and University Correctional Health Care, a constituent unit of Rutgers, The State University of New Jersey, (collectively "Defendants") pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), as well as various tort claims.

This Court had jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367. Plaintiff was granted leave to amend his Complaint (ECF No. 19) to remove all federal claims and now moves to remand this action to state court. (ECF No. 21). Defendants have not opposed Plaintiff's motion.

### ii. Remand to State Court

Having granted Plaintiff's Motion to Amend, omitting from the pleading the sole basis for original jurisdiction, the Court must consider whether it should retain supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367. While 28 U.S.C. § 1367(a) provides the district

courts power to extend supplemental jurisdiction to encompass state claims, 28 U.S.C. § 1367(c) enumerates the circumstances in which district courts can decline to utilize that power:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); see also City of Chi. v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997).

Given this case's posture, it is within the District Court's discretion to decline to extend supplemental jurisdiction because all federal claims against a party have been eliminated from this case. Scaffidi v. Hammonton Bd of Educ., No. 20-8534, 2020 U.S. Dist. LEXIS 243289, at *6 (D.N.J. Dec. 28, 2020) (citing Rothman v. City of Northfield, 716 F. Supp. 2d 369, 373 (D.N.J. 2020)). Supplemental jurisdiction does not need to be exercised in every case where it is found to exist and should be declined if judicial economy, convenience,

4

and fairness to litigants are not affirmatively and sufficiently present to retain the case in the federal forum.  FOP, Lodge 1 v. City of Camden, No. 10-01502, 2017 WL 1882471, at *3-4 (D.N.J. May 9, 2017) (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-27 (1966)).  Where federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state law claims.  United Mine Workers, 383 U.S. at 726; Growth Horizons, Inc. v. Delaware Cty., Pa., 983 F.2d 1277, 1284-1285 (3d Cir. 1993).

In this case, a variety of factors weigh in favor of remand.  This matter's federal claims were dismissed well before trial, which weighs in favor of remand.  See ECF No. 19; United Mine Workers, 383 U.S. at 726.  With regards to judicial economy, this case is still at an early stage and the Court has not overly invested resources in substantial briefing or settlement discussions.  See Docket No. 21-14670.  Plaintiff also asserts that the federal forum is inconvenient, and Defendants have not objected to Plaintiff's motions regarding remand.  (ECF No. 21 at 5 of 6).  Finally, it would be prejudicial to Plaintiff if this Court dismissed the case after declining to exercise supplemental jurisdiction because the statute of limitations has run on his state claims.  (Id.).

This Court will therefore decline to exercise supplemental

5

jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3) and remand the matter to state court.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand will be granted.  An appropriate Order consistent with this Opinion will be entered.


Date: July 12, 2022                         s/ Noel L. Hillman
At Camden, New Jersey                   NOEL.L. HILLMAN, U.S.D.J.

6